UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ASHLEY D. BLAIR                                                    PLAINTIFF

VERSUS                                    CIVIL ACTION NO. 2:23-CV-126-TBM-RPM

HATTIESBURG CLINIC                                               DEFENDANT

## REPORT AND RECOMMENDATION

This matter is before the Court *sua sponte*.  Plaintiff Ashley D. Blair initiated this action

on September 6, 2023, alleging medical malpractice against Defendant Hattiesburg Clinic.  Doc.

[1].  Plaintiff is proceeding *pro se* and *in forma pauperis*.  *See* Doc. [3].  For the following reasons,

the undersigned recommends that this action be dismissed for failure to state a claim for relief and

for lack of subject-matter jurisdiction.

In the Complaint and Civil Cover Sheet, Plaintiff checked the box for federal question as

the basis for this Court's jurisdiction.  Doc. [1] at 3; Doc. [1-1].  Plaintiff provided two statutes as

the basis for federal-question jurisdiction.  Doc. [1] at 3.  Plaintiff cited to 51 U.S.C. § 20137,

which is "a statutory provision that addresses malpractice and negligence suits brought against the

United States for the acts of National Aeronautics and Space Administration (NASA) medical or

supporting personnel acting within the scope of their employment."  *Howard v. Adams Farm*

*Living & Rehabilitation*, No. 1:19-CV-240, 2019 WL 2465264, at *2 n.* (M.D.N.C. Apr. 4, 2019);

*Sampson v. Sheppard Pratt Hosp. at Ellicott City*, No. WMN-12-204, 2012 WL 12846966, at *1

(D. Md. Feb. 22, 2012).  Plaintiff also cited to the Mississippi Tort Claims Act, i.e., Miss. Code

Ann. § 11-46-1 *et seq.*

Federal courts have an independent obligation to determine whether subject-matter

jurisdiction exists.  *See Soaring Wind Energy, L.L.C. v. Catic USA Inc.*, 946 F.3d 742, 749 (5th

Cir. 2020).   Federal courts are courts of limited jurisdiction and must presume that a suit lies outside their limited jurisdiction.  *See Gonzalez v. Limon*, 926 F.3d 186, 188 (5th Cir. 2019).  "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332.  Section 1331 provides for '[f]ederal-question' jurisdiction, § 1332 for '[d]iversity of citizenship' jurisdiction."  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006).  As the party invoking federal subject-matter jurisdiction, Plaintiff bears the burden of establishing its existence.  *See United States ex rel. King v. Solvay Pharm., Inc.*, 871 F.3d 318, 325 (5th Cir. 2017).  Additionally, the federal *in forma pauperis* statute, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts."  *Neitzke v. Williams,* 490 U.S. 319, 324 (1989).  "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."  *Id.*   To prevent this, section 1915(e)(2) authorizes federal courts to dismiss a claim filed *in forma pauperis* "if the action or appeal is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

While Plaintiff does not allege diversity as the basis for this Court's jurisdiction, the Court nevertheless finds diversity jurisdiction does not exist.  *See* 28 U.S.C. § 1332.  "[D]iversity jurisdiction is not to be available when any plaintiff is a citizen of the same State as any defendant." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).  Plaintiff represents that she is a citizen of the State of Mississippi, and that Hattiesburg Clinic is incorporated under the laws of the State of Mississippi and has its principal place of business in the State of Mississippi.  Doc. [1] at 3–4; Doc. [1-1].  Thus, the Court lacks diversity jurisdiction.

But Plaintiff has invoked federal-question jurisdiction.  Doc. [1] at 3; Doc. [1-1].  Under § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Plaintiff asserts a claim under 51 U.S.C. § 20137; and thus, she alleges the Court has federal-question jurisdiction pursuant to 28 U.S.C. § 1331.  Doc. [1] at 3.  If 51 U.S.C. § 20137 does not apply to the facts of this case, this Court would lack jurisdiction over Plaintiff's remaining state-law claim under the Mississippi Tort Claims Act.  *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005) ("[A] state-law claim could give rise to federal-question jurisdiction so long as it 'appears from the [complaint] that the right to relief depends on the construction or application of [federal law].'").  Plaintiff's state-law claim depends on the construction or application of the Mississippi Tort Claims Act; therefore, it does not give rise to federal-question jurisdiction.

Because of its obligation to determine if subject-matter jurisdiction exists, the Court entered an Order to Show Cause requiring Plaintiff to respond in writing by October 26, 2023, specifying the basis of this Court's jurisdiction and providing sufficient facts to state a plausible claim for relief.  Doc. [4].  However, Plaintiff did not file a response to the Order to Show Cause.[1] The Court then entered a Second and Final Order to Show Cause requiring Plaintiff to respond in writing by November 21, 2023, specifying the basis of this Court's jurisdiction and providing facts to state a plausible claim for relief.  Doc. [5].  Plaintiff timely responded, stating that she was "unsure whether this claim is Federal Question or governed under Federal Law."  Doc. [6] at 1.

Plaintiff's complaint does not clearly identify any factual allegations or claims to suggest that 51 U.S.C. § 20137 applies to this case.  Plaintiff's reference to a federal statute providing individuals the right to bring a malpractice suit against the United States is misplaced, as Plaintiff

---

[1] The Order to Show Cause was mailed to Plaintiff's address on record.

does not sue a federal entity or allege that a federal entity caused the alleged injuries. *Finnegan v. Columbia Doctors*, No. 21-CV-6515 (LTS), 2021 WL 4249379, at *2 (S.D.N.Y. Sept. 17, 2021). Instead, Plaintiff has sued Hattiesburg Clinic. Therefore, Plaintiff has failed to state a claim for relief under 51 U.S.C. § 20137.

Because Plaintiff fails to state a claim for relief under 51 U.S.C. § 20137, the Court lacks jurisdiction over her remaining state-law claim under the Mississippi Tort Claims Act. Therefore, this case must be dismissed. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## RECOMMENDATION

The undersigned recommends that Plaintiff Ashley D. Blair's Complaint be dismissed for failure to state a claim for relief and for lack of subject-matter jurisdiction.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed

4

factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 22nd day of January 2024.


/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE